GAUSEN *vs.* TOMLINSON and VAN WINKLE.

1. The guaranty of a bond cannot create a lien by way of mortgage on real estate of the guarantor, nor will the fact that such bond is secured by a second mortgage on lands upon which the guarantor holds a prior lien by mortgage or judgment, create a lien on such lands, or the interest which the guarantor has in them.

2. Priority of record will not give preference to one mortgage over another given at the same time and held by the same person. Such mortgages, in the hands of assignees, are concurrent liens, payable ratably out of the proceeds of the mortgaged premises, after payment of costs of both.

---

Argued on final hearing, upon bill, answer, and proofs.

*Mr. Collins,* for complainant.

*Mr. Paulison,* for Van Winkle.

THE CHANCELLOR.

On the 1st day of December, 1870, James H. Carpenter conveyed the mortgaged premises to the defendant, Tomlinson, and received for part of the consideration two mortgages, one for $500, and the other for $1000. Each recited that it was given for part of the consideration. Both were left at the county clerk's office for registry on that day—the one for $1000 at 10 o'clock A. M., the other at 2 P. M., and were registered in that order. On the 3d of February, 1871, Carpenter assigned the mortgage for $500 to Henry McDonalds, and endorsed on the bond which it was given to secure, his personal guaranty that the bond should be paid. By several mesne assignments, the bond and mortgage were assigned to the complainant. The assignment to McDonalds was recorded on the day of its date. The bond and mortgage for $1000 were assigned by Carpenter to the defendant, Van Winkle, on the 10th of February, 1871, as collateral security for the payment of his own bond and mortgage given for that amount.

The bill is filed to foreclose the $500 mortgage, assigned to the complainant. The complainant claims that the guaranty of payment of the bond made by Carpenter, when he held the other mortgage, created a preference over that mortgage; that it amounted to a mortgage of all his then interest in the lands.

I know of no principle that would create a preference by such guaranty. The guaranty of a bond cannot create a lien by way of mortgage on real estate of the guarantor, nor will the fact that such bond is secured by a second mortgage on lands upon which the guarantor holds a prior lien by mortgage or judgment, create a lien on such lands, or the interest

which the guarantor has in them. There is no authority or precedent for such doctrine, and there is no good reason for making a precedent to establish it. On the contrary, I think a person holding two mortgages, one clearly prior to the other, should be allowed to give his guaranty on transfer of the second, which most needs such guaranty, and hold the other with its preference that he might more readily dispose of it without guaranty. There is good reason to believe that Carpenter had the mortgage held by Van Winkle recorded a few hours before the other for the purpose of giving it preference and character, and then added his personal guaranty to the $500 mortgage, because it was supposed to be second. The priority of recording will not have that effect between mortgages given at the same time, if held by the same person; the statute only gives that effect as against subsequent mortgagees, without notice. These mortgages must therefore be held to be concurrent liens, payable ratably out of the proceeds of the mortgaged premises. The complainant is entitled to a decree for foreclosure and sale, for the payment of the amounts due on his mortgage, and that held by Van Winkle, out of the proceeds of sale, after the payment of the costs of both parties.